Dodge v. Dodge et al.

The court found the issue in favor of the defendants, and gave judgment — That the defendants recover their cost.

### DODGE v. DODGE AND LATHUM ET AL.

Where the consideration of a devise in a will is the maintenance of the widow, it is a lien upon the land.

PETITION in chancery; showing that in A. D. 1782 her husband      Dodge made his will and died without children — by which he gave her a certain proportion of his personal

estate, and gave his real estate to his nephew Joseph Dodge —
which will is as follows, viz. " I give to my nephew Joseph
Dodge my island farm, my house and lot at the point, and
my wood lot; and in consequence of the bequeathments to him
said Joseph, he shall honorably maintain and support my
widow Hannah Dodge, whom I shall leave, during her natural
life, with everything comfortable, as meat, drink," etc. etc.
and appointed him his executor; that said executor informed
her that the will had made ample provision for her support,
and thereby obtained her consent to its approbation.  Further,
she states that the debts swallowed up near half of the personal
estate; and that said Joseph had sold said island farm to said
Lathum, and the house and lot at the point to said Brown,
which are worth £25 per annum; that said Joseph is removed
out of the state and she is left destitute and in want, and prays
for a remedy, etc.

Plea in abatement — That the petitioner has an adequate
remedy at law.

Judgment — Plea insufficient.  By the will the main-
tenance and support of the petitioner is a charge upon the
estate, into whosoever hands it comes; and the statute of the
state would have subjected it to her maintenance during her
widowhood, had no provision been made in her husband's will:
And she may enter upon the estate and hold it against the
devisee, until her support is furnished; for it is the condition
upon which he takes and holds the estate, it being a charge
upon the land, which runs with it.